2011 UT App 196

**Sherwin V. KOYLE, Petitioner,**

v.

**Judge Lynn W. DAVIS, Fourth Judicial District Court, Provo Department, Respondent.**

No. 20110355–CA.

Court of Appeals of Utah.

June 16, 2011.

Sherwin V. Koyle, Orem, Petitioner Pro Se.

Brent M. Johnson, Salt Lake City, for Respondent.

Philip D. Dracht and Samantha R. Siegel, Salt Lake City, for Option One Mortgage Corporation.

Before Judges McHUGH, THORNE, and VOROS.

DECISION

PER CURIAM:

¶ 1 This case is before the court on a petition for extraordinary relief and a motion for a stay of proceedings in a related district court case. On May 23, 2011, the presiding judge of the Fourth District Court entered an order stating that (1) Judge Lynn W. Davis had voluntarily recused himself from this case; (2) the case was reassigned to another district court judge of the Fourth District Court; and (3) the file will be forwarded to the newly assigned judge for further review. We deny the petition and motion to stay.

¶ 2 Petitioner Sherwin V. Koyle seeks an order requiring Judge Davis to enter a default judgment against Option One Mortgage (Option One), to allow the joinder in the action of additional parties, and to assess sanctions against the defendants for alleged discovery violations. Although he claims that the CD recording of two hearings attached to the petition demonstrates that the district court verbally denied his motions pertaining to those issues, this is incorrect. The CD recording is of two status conferences. At the September 14, 2009 hearing, the district court advised Koyle that his request for a default judgment was not then before the court and that the purpose of the hearing was solely to hold a status conference. The petition also seeks review by this court of all orders in the case for alleged judicial prejudice and an order imposing sanctions against Judge Davis.

¶ 3 The district court case that is the subject of the petition has been pending since February 2005. Option One filed a late answer and Koyle filed a request for default judgment in August 2005. The district court scheduled a hearing pursuant to rule 55(b)(2) of the Utah Rules of Civil Procedure on the request for default judgment.

The hearing was continued several times at the request of the parties and was ultimately continued without date. At the status conference on September 14, 2009, the district court required the parties to submit a case management order. At a status conference on February 2, 2011, the district court set the matter for a jury trial to be held on May 9, 2011. The district court later vacated the trial and set a hearing on that date on "All of Plaintiff's motions, including, but not limited to: [a list of specific motions]."

¶ 4 On April 29, 2011, Koyle filed a pleading titled "Certificate of Good Faith Filing of Sherwin V. Koyle of Motion to Disqualify Judge Lynn W. Davis." Based on that filing, the district court concluded that rule 63(b)(2) of the Utah Rules of Civil Procedure prevented any further action until the motion to disqualify was decided. Also on April 29, 2011, Koyle filed this petition for extraordinary relief, which essentially claims that Judge Davis has demonstrated prejudice against him and should be ordered to grant a default judgment against Option One and sanctions for alleged discovery violations. Koyle also asks us to sanction Judge Davis and seeks a stay of the underlying related district court case.

¶ 5 Koyle has a plain, speedy, and adequate remedy through the pending district court case. His assertion that Judge Davis denied all of his motions is incorrect and appears calculated to support a claim that he has exhausted all his remedies in district court. The district court scheduled a hearing for May 9, 2011, to resolve *all* pending motions. The hearing was prevented by the filing of the motion to disqualify. Among the motions to be heard by the district court was Option One's motion for summary judgment. In this court, Koyle asserts that because the motion for summary judgment sought an immediate lifting of the stay of any foreclosure sale based upon an October 2003 notice of default, he had no alternative but to file this petition for extraordinary writ to prevent the district court from hearing Option One's motion for summary judgment. In this respect, the petition for extraordinary relief appears to have been filed for purposes of delay.

¶ 6 Koyle's claim that he was entitled as a matter of law to have a default judgment enter against Option One is contrary to rule 55 of the Utah Rules of Civil Procedure. Koyle relies upon language in rule 55(a) stating that when a party has failed to plead or otherwise defend "and that fact is made to appear the clerk shall enter the *default* of that party." Utah R. Civ. P. 55(a) (emphasis added). Relying upon rule 55(b)(1), he claims that the clerk was required to enter a *default judgment* as if his complaint sought judgment for a sum certain. Instead, the district court properly set the request for a default for a hearing in accordance with rule 55(b)(2), which states,

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

Utah R. Civ. P. 55(b)(2). Nevertheless, Koyle claims that the district court has acted contrary to the law by scheduling a further hearing. He asserts that his "reasons to proceed to this Court rather than allowing the trial court the opportunity to decide the issues [are] abundantly apparent since the trial court has failed to comply with the established rule of law, specifically rule 55, Utah Rules of Civil Procedure in entering in a default judgment as required." The claim is without merit. Koyle has a plain, speedy, and adequate remedy by allowing the district court to consider his pending motions and, if necessary, seeking appellate review as allowed by the rules of appellate procedure. *See* Utah R.App. P. 19(b) (requiring petitioner to demonstrate why no plain, speedy, or adequate remedy exists and why a writ should issue).

¶ 7 Koyle also claims that we should review the case for alleged judicial bias or prejudice. Because Judge Davis has voluntarily recused himself and the case has been reassigned to another district court judge for further review, we do not consider this claim further. Koyle also seeks a stay of the underlying

action pending consideration of this petition. Although denial of the petition renders the motion to stay moot, Option One is also correct that the motion to stay should have been filed in the district court in the first instance, as required by rule 8 of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 8. Accordingly, we deny the petition for extraordinary relief and the motion for stay of the related district court case.

We concur: CAROLYN B. McHUGH, Associate Presiding Judge, WILLIAM A. THORNE, JR., and J. FREDERIC VOROS, JR., Judges.